UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY H., | ) |
| Plaintiff, | ) No. 20-cv-4807 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mary H.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability benefits. The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment (Dkt. 20) is GRANTED and Defendant's motion for summary judgment (Dkt. 25) is DENIED. The case is remanded for further proceedings consistent with this opinion.

**I.     Background**

Plaintiff filed for disability insurance benefits on November 9, 2017, alleging a disability onset date of October 11, 2017. (Administrative Record ("R.") 20.) Plaintiff's application was denied initially and upon reconsideration. (*Id*.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 8, 2019. (*Id*.) On October 30, 2019, ALJ Kevin Plunkett issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Social Security Act. (R. 20-33.) On July 30, 2020, the Appeals Council denied Plaintiff's request for review (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g); *see Haynes v. Barnhart*,

---

[1]     In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920. (R. 379-394.) At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 11, 2017. (R. 22.) At Step Two, the ALJ found Plaintiff had the severe impairments of spine disorder, status-post cervical fusion and lumbar spine laminectomy, carpal tunnel syndrome, depression, and anxiety. (*Id*.) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 23.) Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: frequently operate hand controls with her right hand; frequently reach overhead and in all other directions bilaterally; frequently handle and finger items bilaterally; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; limited to simple, routine, repetitive tasks but not at a production rate pace; limited to making and performing simple work-related decisions and tolerating frequent interaction with supervisors, co-workers, and the public. (R. 25.) At Step Four, the ALJ determined Plaintiff was incapable of performing her past relevant work. (R. 31.) At Step Five, the ALJ found that the are jobs that exist significant numbers in the national economy Plaintiff can perform, given her age, education, work experience, and RFC. (R. 32.) Because of these determinations, the ALJ found Plaintiff not disabled under the Social Security Act. (R. 33.)

As part of the analysis of Plaintiff's mental impairments, the ALJ considered the consultative psychological examination performed by Grant Boyer, Psy. D., and the neurocognitive and psychological evaluation performed by Michael Kula, Psy. D. (R. 28-29.) Regarding Dr. Boyer's evaluation, the ALJ noted many of the findings Dr. Boyer made, both the positive (good hygiene and mannerisms, ability to complete activities of daily living, success at

repeating digits forward and backward) and negative (presented as nervous and tearful on examination, struggled to complete subtraction problems, difficulty with delayed recall). However, the ALJ was silent as to Dr. Boyer's assessments and conclusions; crucially, Dr. Boyer diagnosed Plaintiff with "Major Depressive Disorder, Recurrent, Moderate" and Panic Disorder, and noted "[d]ue to claimant's condition, **this Examiner recommends that claimant would be a good candidate to receive Disability** and managing (sic) her own funds." (R. 478 (emphasis added).) On Dr. Kula's assessment, the ALJ noted all of the positive findings Dr. Kula made (*e.g.*, "alert and normal attention," "affected was full and suited to content," "speech comprehension was normal.") (R. 29.) The ALJ found "there was no evidence of any significant psychiatric disorders, characterological impairments, or debilitating affective distress that would interfere with the spinal cord stimulator trial."[2] (*Id.*) However, the ALJ left out a significant portion of Dr. Kula's examination results, which focused on Plaintiff's chronic pain and how it affected her. Dr. Kula wrote Plaintiff's "response style is similar to that of a typical chronic pain patient," and that "the advent of chronic pain-related burdens may be causing marked anxiety." (R. 530.) Dr. Kula further noted Plaintiff "may succumb to exhaustion or apathy, and she may feel that she does not have the energy to handle simple responsibilities," and that a "pattern of lassitude and dependency is likely to prevent her from quickly returning to premorbid levels of functioning, even after a successful course of treatment." (R. 531.) None of those findings were discussed by the ALJ.

**II.      Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). A court's scope of review in these cases is limited to

---

[2]      Dr. Kula's examination was to determine whether Plaintiff would be suitable for a spinal cord stimulator trial. (R. 527.)

deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

**III.    Discussion**

While the ALJ need not discuss every piece of evidence, she must build a logical bridge from the evidence to her conclusion. *See Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). As such, the ALJ is not permitted to "cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010); *Goble v. Astrue*, 385 F. App'x 588, 593 (7th Cir. 2010). Here, the Court finds the ALJ improperly "cherry-picked" the facts supporting his opinion while ignoring the evidence that cut against it. As for Dr. Kula, the ALJ ignored large swaths of his report which discussed Plaintiff's chronic pain symptoms and their effect on her functioning, including her mental health functioning. More disturbingly to the Court, the ALJ discussed Dr. Boyer's findings in significant detail without mentioning that Dr. Boyer had concluded that Plaintiff "would be a good candidate to receive Disability…." (R. 478.) While the ALJ was certainly free to reject this information or find that other substantial evidence outweighed it, he was not free to ignore it outright, particularly

4

when these evaluations constituted a fairly significant portion of the ALJ's opinion.[3] Because the ALJ failed to consider or discuss the portions of the evaluations of Drs. Kula and Boyer that did not support the ALJ's conclusion, the Court finds the ALJ engaged in improper "cherry picking," and, therefore, did not support his conclusions with substantial evidence. As such, the Court remands this case for further proceedings.

## IV. Conclusion

As detailed above, Plaintiff's motion for summary judgment (Dkt. 20) is GRANTED and Defendant's motion for summary judgment (Dkt. 25) is DENIED. The case is remanded for further proceedings consistent with this opinion.

**ENTERED: 6/1/2022**

Susan E. Cox,  
United States Magistrate Judge

---

[3] The Court also believes Dr. Boyer's evaluation might qualify as a "medical opinion" pursuant to 20 C.F.R. § 404.1513, which would trigger the analysis requirements of 20 C.F.R. § 404.1520c. To be clear, the Court does not reach an opinion on this issue either way, but the ALJ should consider whether Dr. Boyer's evaluation meets the criteria of a "medical opinion" under the regulations on remand.